UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALYSSA PERRY,

    Plaintiff,

v.

UNIVERSAL LOGISTICS HOLDINGS, INC.
and MALACE INTERNATIONAL, LLC

    Defendants.

Case No:

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

**COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Alyssa Perry (hereinafter "Plaintiff") by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendants states as follows:

1. Plaintiff, Alyssa Perry, is a resident of the City of Detroit, County of Wayne and State of Michigan.

2. Defendant, Universal Logistics Holdings, Inc. (hereinafter

"Universal") is a Michigan corporation, authorized to do business in the State of Michigan whose resident agent is Timothy J. Monahan and whose registered office address is 12755 E. Nine Mile Road, Warren, MI 48089.

3. Defendant, Malace International, LLC (hereinafter "Malace") is a Michigan limited liability company, authorized to do business in the State of Michigan whose resident agent is Larry W. Malace and whose registered office address is 5700 Crooks Road, Suite 112, Troy, MI 48098.

3. The events producing the original injury occurred in Wayne County, Michigan.

4. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in Wayne County.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff began her employment with Defendant, Malace, who placed

2

Plaintiff with Defendant, Universal Logistics Holdings in September 2020.

8. In September 2021 Plaintiff worked 50-60 hours each week.

9. On or about November 2020, Plaintiff's supervisor Brian Haynes (hereinafter "Haynes"), started sexually harassing her.

10. On or about November 2020, Haynes offered to lend Plaintiff money if Plaintiff would accommodate him in romantic activities, such as watching a movie with him or going on a lunch date with him.

11. Haynes also made explicit suggestions and offered that if Plaintiff would give him sexual favors, then he would lend her money.

12. Haynes continued to make a number of sexual comments to Plaintiff.

13. This harassment culminated in or around December 2020, when Haynes sent a number of sexually illicit text messages to Plaintiff.

14. Text messages from Haynes to Plaintiff included him referencing her saying "pussy," "I want your voice," telling her she was "too cute," and "don't fear shit now."

15. These text messages and other actions by Haynes frightened Plaintiff and caused great emotional distress including nightmares and Plaintiff relapsing into depression.

16. Other Universal employees approached Plaintiff asking if it was her in a pornography video they showed her.

17. During Plaintiff's employment with defendant she was approached by co-workers asking her if she appeared in an adult movie.

18. Plaintiff's co-workers showed her an adult movie asking if that was her.

19. Plaintiff complained to Defendant, Malace, about the harassment and hostile working conditions.

20. Plaintiff admitted that years ago she had made an adult movie and that she was uncomfortable talking about it, did not want to see it and wanted to forget that chapter in her life.

21. Plaintiff's co-worker comments and conduct were based on sex and Plaintiff's sexual history.

22. Many years earlier, Plaintiff had starred in the videos, and had no interest in discussing the movie, her sex life or reliving the past with anyone, much less co-workers.

23. Despite Plaintiff's complaints to upper management for Defendant, Defendant failed/refused to take any remedial measures to stope or curb the harassment so in or around December 2020, Plaintiff reduced her hours in order to avoid Haynes.

24. Plaintiff worked the reduced hours from December 2020 to February 2021, but was unable to support herself on the reduced hours and in February 2021, Plaintiff was constructively discharged.

25. During the time period in question, Defendants' were Plaintiff's co-employer's and Plaintiff was their employee within the meaning of the Title VII and Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

26. Defendants' are responsible for all acts committed by its agents, representatives and employees within the scope of their employment and are liable for adverse employment actions taken against Plaintiff in retaliation for refusing to engage in sex with a supervisor.

27. Defendants' through their agents, representatives and employees were predisposed to sexually harass and discriminate against Plaintiff on the basis of her sex and acted in accordance with that predisposition.

28. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

29. On or about September 21, 2021, Plaintiff filed a Charge of Discrimination under Title VII with the EEOC.

30. Plaintiff has received a Right to Sue letter against Defendant on April 6, 2022.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

31. Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. Plaintiff belongs to a protected class as a female.

33. Plaintiff was subjected to communications and conduct on the basis of sex.

34. Plaintiff was subjected to unwelcome sexual communication and conduct.

35. The unwelcome sexual conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment.

36. Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender and/or sex by Defendant and/or through their agents, employees and/or representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been hindered to the point where no reasonable person would be able to continue working there and plaintiff was constantly discharged.

37. Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

38. The harassment was committed by a manager/officer/director of Defendant, Universal, and Plaintiff complained to Defendant, Malace.

39. As a direct and proximate result of the unlawful actions of the Defendants' and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendants' and subjected to a

6

hostile work environment and adverse employment action, including being constructively discharged.

40. As a proximate result of the discriminatory conduct by Haynes and Defendants' failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

 a. Lost wages;

 b. Mental anguish;

 c. Fright and shock;

 d. Outrage;

 e. Anxiety;

 f. Depression;

 g. Emotional distress;

 h. Loss of self-esteem;

 i. Loss of earnings and other employment benefits; and

 j. Loss of capacity for the enjoyment of life.

41. Defendants' are vicariously liable for acts committed by Haynes on the basis of respondeat superior.

42. Defendants' engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

43. Plaintiff is entitled to exemplary and compensatory damages pursuant

to Title VII as a result of each and every violation of the act, including costs and reasonable attorney fees a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: June 17, 2022

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Alyssa Perry, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

                             Respectfully submitted,

                             **BATEY LAW FIRM, PLLC**

                        By: /s/Scott P. Batey
                             SCOTT P. BATEY (P54711)
                             Attorney for Plaintiff
                             30200 Telegraph Road, Suite 400
                             Bingham Farms, Michigan 48025
                             (248) 540-6800-telephone
                             (248) 540-6814-fax
                             sbatey@bateylaw.com

Dated: June 17, 2022